IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEBORAH A. BORGES,

        Plaintiff,

v.

THE BANK OF NEW YORK MELLON, *as
trustee for CWABS Asset Backed
Certificates Trust 2006-6*,
CITIZENS FIDELITY MORTGAGE CORP.,
MERSCORP HOLDINGS, INC., MORTGAGE
ELECTRONIC REGISTRATION SERVICES,
INC., BANK OF AMERICA
CORPORATION, BANK OF AMERICA,
N.A., BARRETT DAFFIN FRAPPIER
LEVINE & BLOCK, LLP, and JOHN Q.
ATTORNEYS 1-6,

        Defendants.

CIVIL CASE NO.

1:13-cv-02623-JEC

## ORDER & OPINION

This case is before the Court on defendants' Motion to Dismiss Plaintiff's Complaint [11] and plaintiff's Motion to Remand [13]. The Court has reviewed the record and the arguments of the parties and, for the reasons that follow, concludes that defendants' Motion to Dismiss [11] should be **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

This case arises out of an allegedly wrongful foreclosure. On October 30, 2003, plaintiff obtained a loan from Fremont Investment & Loan in the principal amount of $226,400.00 (the "Fremont loan")

for the purpose of purchasing a house located at 3156 Esplanade Circle, Atlanta, Georgia 30311. On February 26, 2006, plaintiff refinanced the Fremont loan through execution of a note in favor of Citizens Fidelity Mortgage Corporation ("Citizens Fidelity") in the principal amount of $280,800.00 (the "Citizens Fidelity loan"). (Notice of Removal [1] at Ex. A, at 36-40.)

To secure the Citizens Fidelity loan, plaintiff executed a security deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Citizens Fidelity and its successors and assigns, under which she pledged the Esplanade Circle property as collateral. (*Id.* at 42-54.) On July 8, 2011, MERS transferred the security deed to the Bank of New York Mellon, as trustee for the CWABS Asset-Backed Certificates Trust 2006-06 ("Bank of New York Mellon"). (*Id.* at 65.)

At some point in 2008 or 2009, plaintiff experienced difficulty making her loan payments. (Notice of Removal [1] at Ex. A, ¶ 39.) In an effort to reduce her monthly obligation plaintiff sought a modification from the servicer of her loan, BAC Home Loans Servicing, LP ("BAC"), which placed plaintiff in a trial payment plan in late 2009. (*Id.* at 39, 55-60.) Despite complying with the conditions set forth by BAC and receiving assurances from its employees that her modification was approved, plaintiff never received a permanent loan modification. (*Id.* at ¶¶ 41-48.)

2

Instead, on August 2, 2011, Barrett Daffin Frappier Levine & Block, LLP ("Barrett Daffin") mailed a letter to plaintiff on behalf of Bank of America, N.A. ("Bank of America")[1] notifying her that it was initiating foreclosure procedures on the Esplanade Circle property as a result of her default on the Citizens Fidelity loan. (*Id.* at 67-68.)   Barrett Daffin conducted a foreclosure sale on September 6, 2011, at which Bank of New York Mellon took title to the Esplanade Circle property by deed under power.  (Notice of Removal [1] at Ex. A, at 65.)

Plaintiff filed the present suit in the Superior Court of Fulton County.  (Notice of Removal [1] at Ex. A.)   Thereafter, defendants Bank of New York Mellon, MERSCORP Holdings, Inc., MERS, Bank of America Corporation, and Bank of America removed the action to this Court on August 8, 2013.  (Notice of Removal [1].)  Defendants then filed a motion to dismiss.  (Mot. to Dismiss [11].)  Plaintiff then moved to remand the action to state court, arguing that there was no subject matter jurisdiction.  (Mot. to Remand [13].)

## I.   **PLAINTIFF'S MOTION TO REMAND**

Defendants removed plaintiff's action to this Court on the basis of diversity jurisdiction.  (Notice of Removal [1] at ¶¶ 22-27); 28 U.S.C. §§ 1332, 1446.  In so doing, they acknowledged that the

---

[1]   BAC merged with Bank of America on July 1, 2011.  (Br. in Support of Mot. to Dismiss [11] at 3 n.4.)

presence of defendant Citizens Fidelity and defendant Barrett Daffin raises the question whether complete diversity exists. (Notice of Removal [1] at ¶¶ 17-19.) Indeed, Citizens Fidelity is a citizen of Georgia and, while defendants were unable to determine the citizenship of all members of Barrett Daffin–a Texas limited liability partnership--it is likely that there are partners in the firm whose presence would defeat diversity, as it is a "local agent" with offices in Georgia. (*Id.;* Notice of Removal [1] at Ex. A, ¶ 8.) However, in their Notice of Remand, defendants argue that Citizens Fidelity and Barrett Daffin are fraudulently joined or are nominal parties, such that the Court can ignore their presence for purposes of diversity jurisdiction. (*Id.* at ¶¶ 17-19, 21.)

Plaintiff's Motion to Remand expresses no disagreement with defendants' fraudulent joinder argument,[2] and even states that plaintiff filed a motion dismissing all defendants, except Bank of New York Mellon from the action. The problem though is that plaintiff never actually filed such a motion. (Mot. to Remand [13] at 2 n.1; *see also* Resp. [14] at 1 n.1.) Thus, it is unclear against which defendants, exactly, plaintiff wishes to proceed, and that is an important diversity analysis.

---

[2] Plaintiff's basis for remand is instead based on an argument that the amount in controversy does not reach the statutory threshhold.

4

Given plaintiff's comments concerning defendant Citizens Fidelity or Barrett Daffin, the Court assumes that plaintiff is conceding that these parties are fraudulently joined or are otherwise nominal parties, and should not be considered for diversity jurisdiction purposes. But, given the importance of subject matter jurisdiction and the unresolved issue of what parties plaintiff wishes to proceed against, it is prudent to firm up which defendants plaintiff is dismissing from the action and which defendants she wants to retain. Accordingly, plaintiff is hereby **ORDERED** to confirm whether she is dismissing all defendants, except Bank of New York Mellon. The Court refrains from ruling on plaintiff's Motion to Remand [13] until this question is resolved.

II.   **DEFENDANT'S MOTION TO DISMISS**

Because the above question regarding the removal of plaintiff's complaint to this Court and plaintiff's Motion to Remand [13] is unresolved, the Court **DENIES WITHOUT PREJUDICE** defendants' Motion to Dismiss [11]. Should the Court deny plaintiff's motion to remand, defendant may refile a motion to dismiss within twenty-one days thereafter.

**CONCLUSION**

For the above reasons, defendants' Motion to Dismiss [11] is **DENIED WITHOUT PREJUDICE**. Plaintiff is **ORDERED** to confirm that she

5

is dismissing all defendants, except Bank of New York Mellon, by **Monday, April 7, 2014.**

SO ORDERED, this <u>27th</u> day of <u>March</u>, 2014.

<u>/s/ Julie E. Carnes</u>
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

6